CHARLES SHEPHERD v. THE STATE.

1. BURGLARY—DUPLICITY. In an indictment for burglary, it is proper to charge the unlawful entry with intent to commit a theft, and the theft. Such manner of charging the offense is not bad for duplicity.

.2. DEGREES OF BURGLARY. Article 631 of Criminal Procedure, sub-division 4, provides that *theft* is included as one of the degrees of burglary ; it including every species of housebreaking and of theft from a house.

APPEAL from Criminal District Court of Harris county. Tried below before the Hon. Gustave Cook.

*N. G. Kittrell*, for the State.

DEVINE, J.  Appellant was tried in the Criminal District Court of Harris county, on the first Monday in February, 1875, on an indictment charging him with having, on the 23d day of June, 1874, " about the hour of one of the night of the " same day, entered the dwelling-house of one Martin Smith, " feloniously, fraudulently, and burglariously, with the intent to " steal the corporeal personal property of said Smith, and to " steal, take, and carry away out of the house and from the pos- " session of said Smith, said property, without the consent of the " said owner, and with the intent to appropriate the same to his " own use and benefit."  The indictment in the same count charged the accused with having stolen five dollars, the prop- erty of Smith, and from his house, after having burglariously entered the same.  The jury found the accused guilty of bur- glary, and assessed his punishment at five years' confinement in the penitentiary.

The appellant is not represented in this court, and there are no assignments of error.  The motion for a new trial pre- sented the alleged facts, that the verdict was contrary to and unsupported by the evidence, and was contrary to law; and the motion in arrest of judgment rested on the averments, that " the indictment herein is vague, uncertain, and indefi- " nite," and " because said indictment improperly joins two " distinct felonies in one and the same count, to wit, an in- " dictment for burglary, and an indictment for theft from a " house."  The grounds of motion for a new trial are com- pletely negatived by the facts in evidence.  The control of the house by Martin Smith, its use as a dwelling-house, the un- lawful entry shortly after midnight by the accused, with the evident purpose of committing a theft, and his theft of the five Mexican silver dollars, on the date, as charged in the in- dictment, were all clearly and forcibly shown by Mrs. Smith and Mrs. Cohen, the witnesses for the State.  The attempt to prove an *alibi*, by his gambling associate, who stated that on the night of the burglary and theft, he and the accused were at the house of one Wesley Alexander, and that they played

poker from eight o'clock in the evening until four next morning; that Alexander and wife were there, but they cannot now be found, was considered by the jury, in view of the other evidence, as unworthy of belief. The attempt to impair the evidence of the principal witness for the State, not by showing she had sworn falsely or made contradictory statements, but by a statement that she had declared her willingness not to appear as a witness against defendant, provided she was paid the forty-one dollars stolen from her dress by the accused, certainly did not tend to rebut the evidence of the burglary or the theft, however much it might show, if believed to be true, a desire on the part of the witness to be reimbursed for her loss even though the prisoner should escape by reason of her absence. The jury, it is evident, did not consider the statements of defendant's witness as entitled to any credit. The judge presiding gave the accused the full benefit of that article of the Criminal Code, which requires that "he shall distinctly set "forth the law applicable to the case," and on the facts of this case in connection with the charge of the court, we are satisfied that the verdict of guilty by the jury, and the refusal of the court to grant a new trial, were what the law in this case demanded. The motion in arrest of judgment, with respect to the vague and uncertain character of the judgment, is answered by reference to the clear and precise statement of the defendant's guilt, as set forth in the indictment; and the alleged joinder of two separate and distinct felonies in the same count, is not shown by an examination of the Code, and the decisions of our own and other courts on similar questions. The indictment on its face shows that it charges an unlawful and burglarious entry, as set forth in Article 724 of the Criminal Code, his liability to punishment for both the burglary and theft charged under Articles 734 and 735, and the indictment charges the entry, the felonious intent to steal, and the theft, with all the precision relating to time, as expressed in Article 737. The charge of theft is included as one of the degrees of burglary. Article 631 of the Code of Criminal Procedure, sub-

divison 4, treating of the different degrees of offenses, says: "Burglary, which includes every species of housebreaking, and "of theft from a house." There was no necessity in this case, to charge an actual taking, the entry and intent would have been sufficient, but the charge as made is not open to objection. Mr. Bishop, in the second volume on Criminal Law, 117, treating of burglary with intent to commit a felony, and the commission of the felony after entry, says: "The common "method is to blend the two forms in one, and charge both an "intent to do and an actual doing, and this blending has "been held to be good." In Commonwealth v. Tuck (20 Pickering, 360), the question was raised which is presented in this case, and the court said: "So in burglary, where "the indictment charges a breaking, and entry with an intent "to steal, and *an actual stealing* (which is the common form), "the jury may acquit of the burglary and convict of the lar- "ceny, but cannot convict of the *burglary* and *larceny*, as two "distinct offenses. The latter is merged in the former, and "they constitute but one offense." And to the same effect, West v. The State (35 Texas, 91); Wilcox v. The State (31 Texas, 587). The indictment being sufficient, and there being no error in the verdict of the jury or the rulings of the court, the judgment is affirmed.