CHARLEY HOWARD v. THE STATE.

1. THEFT — BURGLARY — FORMER CONVICTION. — To an indictment for theft the defendant pleaded former conviction on an indictment for burglary, alleging the burglary and the theft to be parts of the same transaction and offence. As part of the plea he exhibited the indictment for burglary, which charged him with burglary with intent to commit theft, but not with actual commission of theft. *Held,* that the plea was properly stricken out, on exception by the State. The burglary of which the defendant had been convicted was not the same offence as the theft for which he was on trial, though both may have been committed in the same criminal enterprise; and therefore a conviction for the burglary could not bar a prosecution for the theft. If the indictment for the burglary had also charged the theft, the case would have been different.

2. CONJOINT OFFENCES — PRACTICE. — When, besides burglary, another offence was committed in connection with it, separate prosecutions for each offence is the proper practice.

APPEAL from the District Court of Collin. Tried below before the Hon. J. BLEDSOE.

The sufficiency of the plea is the only question in the case.

*W. H. Andrews* and *W. H. Pearson,* for the appellant.

*W. B. Dunham,* for the State.

WHITE, P. J. To the indictment in this case, which was for theft of property over the value of $20, the defendant pleaded *autrefois convict,* setting forth a former trial

and conviction upon a charge of burglary with intent to commit theft, which charge, it was alleged, was for the same offence, and part and parcel of the same transaction as the one in this indictment preferred.

To this plea the county attorney demurred, and moved the court to strike it out. His motion was sustained, and the correctness of the action of the court in striking out this plea is the only question presented for decision on this appeal; because after it was overruled the defendant pleaded guilty to the indictment, and his punishment was affixed by verdict and judgment at two years in the penitentiary.

It is provided in art. 712 of our Revised Penal Code, that, "If a house be entered in such manner as that the entry comes within the definition of burglary, and the person guilty of such burglary shall, after so entering, commit theft, or any other offence, he shall be punished for burglary, and also for whatever other offence is so committed." This is a literal copy from the old Code, Paschal's Digest, art. 2370. But there was another article in the old Code specially providing for the punishment of theft committed after a burglarious entry, in the following language: "If any person shall, after entering a house in any of the modes spoken of in this chapter, commit the offence of theft, he shall be punished by confinement in the penitentiary not less than two years nor more than seven years." Pasc. Dig., art. 2369. This provision is omitted in the Revised Code, and is no longer a part of the law of burglary. Whilst it remained in force, the authority to prosecute and convict under a single indictment for the compound offence of burglary and theft, and assess a punishment for both these distinct offences in a single judgment, was seriously questioned, if not positively denied. *Shepherd* v. *The State*, 42 Texas, 501; *Robertson* v. *The State*, 6 Texas Ct. App. 669.

Now, however, since as a specific offence the punishment for theft after a burglarious entry is no longer separate and

distinct from burglary itself, we are relegated to the rules of practice necessarily growing out of the law itself as expressed in art. 712, *supra*, and such adjudications as have been made upon statutes similar to ours. There can be no question but that it was intended to punish for both offences, — burglary and whatever other offence might have been committed after entry. The question is whether the prosecution should be by one indictment embracing both, or by separate indictments, as in the case before us, for each distinct offence. If both are charged in one indictment, we think it clear that the theft would be included and merged in the burglary, and that no judgment could be rendered for the theft. 42 Texas, 501 ; 6 Texas Ct. App. 669, *supra; Struckman* v. *The State,* 7 Texas Ct. App, 581. And in such a case the conviction for burglary would be a bar to a subsequent prosecution for the theft.

This view is to our minds most clearly borne out by reference to another change made in our statutes with regard to offences including different degrees. There burglary is declared to include " every species of house-breaking and theft, or other felony, *when charged in the indictment in connection with the burglary.*"     Rev. Code Cr. Proc., art. 714, subd. 5.

In the case before us, however, the indictment for burglary, which is an exhibit to the plea of *autrefois convict,* charges the entry to have been made with intent to commit theft, but does not charge the actual perpetration of theft. The indictment as written is a good one for burglary, and it would have been equally a good one for burglary had it charged, in addition to the intent, the actual perpetration of the theft in connection with the burglary. Mr. Bishop says : " Therefore, also, an indictment for burglary may either allege an intent to perform a specific felonious act in the place broken or entered, or, while silent concerning the intent, may allege that a particular felony was done there, the pleader being permitted to elect which of these forms he

will adopt." 2 Bishop's Cr. Law (4th ed.), sect. 115. In our State, the intent must always be charged. Pasc. Dig., art. 2866; *Reeves* v. *The State*, 7 Texas Ct. App. 276; Rev. Code Cr. Proc., art. 423.

But not having charged the theft in connection with the burglary, the question recurs, Was the conviction for burglary a bar to this separate prosecution for theft? There has been much diversity of opinion in the courts where this question has been presented for adjudication, some holding affirmatively and the others negatively. In view of the evident intention of our law to punish both offences, we are of the opinion that, though forming one and the same transaction, the offences are so different in their nature and character as that they become exceptions to the general rule that but one prosecution can be carved out of the same subject-matter. The two crimes are not indivisible,

Mr. Bishop says : " The courts hold that if a man in the night-time breaks and enters a dwelling-house, intending to steal therein, and actually steals, he may be punished for two offences, or one, at the election of the power prosecuting him. If a single count of the indictment charges him with breaking, entering, and stealing, they say his offence is single, being burglary committed in a particular manner; but if the first count sets out in the other form the burglary as done by breaking and entering with intent to steal, then a second count may allege the larceny as a separate thing, and he may be convicted and sentenced for both. Therefore an acquittal of burglary with intent to commit a larceny is no bar to a subsequent prosecution for the larceny charged to have been actually committed. And a conviction for larceny is not a bar to a subsequent indictment for breaking and entering with intent to commit the larceny." 1 Bishop's Cr. Law (5th ed.), sect. 1062; *Wilson* v. *The State*, 24 Conn. 57 ; *The State* v. *Warner*, 14 Ind. 572.

Our conclusion of the whole matter is that the proper if not the only method by which a prosecution and conviction

for burglary and for any other offence committed in connection with it could and should be sustained is by separate indictments and separate prosecutions, as was done in the two cases as shown by this record. The court did not err in striking out defendant's plea of former conviction and rendering judgment in this case, and the judgment is therefore affirmed.

*Affirmed.*