### C. J. LOAKMAN v. THE STATE.
*No. 382. Decided February 7.*

1. **Burglary and Theft — Former Conviction.** — Where a party is
charged in separate indictments for burglary and the theft committed after the
burglarious entry, he may, under our statute (Penal Code, articles 712, 713), be
tried and convicted separately for each crime, and a conviction for one of the
crimes is no bar to a prosecution and conviction for the other.

2. **Same—Common Law Rules of Practice.**—Our statutes with regard
to prosecutions for burglary and such other offenses as are committed after the
burglarious entry, and authorizing separate convictions both for the burglary
and such other crime, abrogate and repeal the common law rule, and as to these
offenses the common law rules of procedure, of construction, and of evidence
have no force in this State when in conflict with the plain legislative intent as
expressed in our statute.

3. **Same — Cases Disapproved.**—The cases of Shepherd v. The State, 42
Texas, 501 ; Robertson v. The State, 6 Texas Cr. App., 669 ; Struckman v. The
State, 7 Texas Cr. App., 581 ; Howard v. The State, 8 Texas Cr. App., 447 ; and
Smith v. The State, 22 Texas Cr. App., 350, in so far as they hold that where
burglary and theft are involved in the same transaction a prosecution and con-
viction for one of the offenses would bar a prosecution for the other, are over-
ruled.

4. **Continuance.** — A continuance is properly refused where it is manifest
that the testimony expected of the absent witness is not probably true.

5. **Statement of Facts — Practice on Appeal.**—Where the statement
of facts found in the transcript of the record on appeal is not approved by the
trial judge, it will not be considered on appeal.

APPEAL from the District Court of Bexar. Tried below before Hon. G. H. NOONAN.

This prosecution was for burglary with intent to commit theft. At the trial appellant was convicted, his punishment being assessed at imprisonment for five years in the penitentiary. It will be seen from the case of Loakman v. The State, ante, page 561, that appellant was also indicted, tried, and convicted for the theft which he committed after he had burglariously entered the house. When this burglary case was called for trial, defendant pleaded in bar of the prosecution his previous trial and conviction under the indictment for theft, alleging that the facts and evidence in both cases were the same, and grew out of one and the same transaction. This was overruled.

The statement of facts in this case was not approved by the trial judge.

*W. H. Brooker*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. This conviction was for burglary. Defendant had previously been convicted of theft of the property taken from the house alleged to have been burglarized. Upon the call of this case, he interposed that conviction in bar of this prosecution. The court did not err in overruling the plea. Conviction for both offenses is expressly authorized by the statute. Penal Code, arts. 712, 713. We have a line of decisions in this State, beginning with Shepherd's case, 42 Texas, 501, holding, with the common law, that where the indictment charges both burglary and theft, the theft would be included in the burglary, and that in such a case the conviction for burglary would be a bar to a subsequent prosecution for the theft. Robertson v. The State, 6 Texas Cr. App., 669; Struckman v. The State, 7 Texas Cr. App., 581; Howard v. The State, 8 Texas Cr. App., 447; Smith v. The State, 22 Texas Cr. App., 350; Shepherd v. The State, 42 Texas, 501.

Our statute provides, that " if a house be entered in such manner as that the entry comes within the definition of burglary, and the person guilty of such burglary shall, after so entering, commit theft or any other offense, he shall be punished for burglary, and also for whatever other offense is so committed." Penal Code, art. 712.

Again, " if the burglary was effected for the purpose of committing one felony, and the person guilty thereof shall, while in the house, commit another felony, he shall be punishable for any felony so committed as well as for the burglary." Penal Code, art. 713.

These statutes are evidently in conflict with the common law with reference to the question at issue, and being the authoritative legislation of

this State, must and do abrogate all rules of procedure known to the common law that are in conflict with their provisions.

2. The question of former conviction or former acquittal was not an issue in Shepherd's case, supra; therefore the ruling of the Supreme Court adhering to the common law rule in this respect could not be regarded as authority. The subsequent cases seem to have been the outgrowth of that decision, and are based upon it. The common law as to procedure, rules of construction, and questions of evidence has no force in this State with reference to the enforcement of criminal laws, except when our legislative body has failed to provide rules with reference to those questions. Under the statutes cited, it was unquestionably the intention of the Legislature to authorize convictions, not only for the burglary, but also for any and all felonies committed while in the house so burglariously entered, and to repeal the common law in this regard where it authorized pleas of former conviction.

3. Such decisions in this State as are in conflict herewith are overruled.

Continuance was sought for the testimony of the wife, who was in Kansas City, in the State of Missouri, by whom defendant expected to prove an alibi the night the burglary was committed; and for the evidence of McAndrews, who was expected to testify, that one morning about 8 o'clock, soon after the burglary, the defendant bought the articles stolen from the house " from a man in the open streets of San Antonio," who also offered to sell the goods to other parties, and " was urging a sale in order to take the morning train." Diligence was insufficient; but if sufficient, the facts are rather too generally stated, and when viewed in the light of the record before us, the testimony is not probably true. The evidence produced on the trial may have shown conclusively that defendant entered the house and committed the theft.

The statement of the facts found in the record is not approved by the trial judge, and therefore can not be considered on appeal.

The remaining bills of exception are too vague, uncertain, and indefinite to be considered. Tested by the allegations in the indictment, the charge is sufficient.

The judgment is affirmed.

· *Affirmed.*

Judges all present and concurring.