### Arthur Allen v. The State.

#### No. 3500. Decided April 7, 1915.

**1.—Receiving and Concealing Stolen Property—Former Jeopardy.**

Upon trial of receiving and concealing stolen property, where it appeared that the defendant had been acquitted of the offense of burglary out of which the transaction grew in the instant case, the court correctly struck out a plea of former jeopardy based on said acquittal, and there was no error in the court's failure to charge thereon. Under the Criminal Code and Code of Criminal Procedure, the prosecution and conviction for burglary will not even bar a prosecution for theft or any offense growing out of or connected therewith. Following Loakman v. State, 32 Texas Crim. Rep., 563.

**2.—Same—Charge of Court—Separate Offenses.**

Where, upon trial of receiving and concealing stolen property, the State introduced defendant's testimony on the burglary trial and other evidence, and it was sufficient to authorize a conviction for receiving and concealing stolen property, but the defendant introduced testimony that he stole the property himself, but did not receive and conceal it, the court's failure to charge the jury as requested to acquit the defendant if they found that the defendant committed the burglary or was a principal therein, was reversible error.

Appeal from the County Court of Montague. Tried below before the Hon. Homer B. Latham.

Appeal from a conviction of receiving and concealing stolen property; penalty, a fine of $50 and fifteen days confinement in the county jail.

The opinion states the case.

*W. T. Russell,* for appellant.—On question of insufficiency of evidence and court's refusal to submit special charge: Grisham v. State, 19 Texas Crim. App., 504; Munch v. State, 25 id., 30; Williams v. State, 58 Texas Crim. Rep., 193; Quitzow v. State, 1 Texas Crim. App., 47.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of former jeopardy: Adams v. State, 62 S. W. Rep., 1059; Fielder v. State, 40 Texas Crim. Rep., 184; Fehr v. State, 36 id., 93; Morton v. State, 37 id., 131; Jerue v. State, 57 id., 213; Wallace v. State, 57 id., 354; Smith v. State, 22 Texas Crim. App., 350.

HARPER, JUDGE.—Appellant was convicted of receiving and concealing stolen property, and his punishment assessed. at fifteen days imprisonment in the county jail and a fine of $50.

It is made to appear by the record that the store of Flemming Bros., under the care and control of Sam Flemming, was burglarized on the night of March 2nd, and, among other things, eleven neckties and three pairs of socks stolen therefrom. Henry Hale, appellant, and some others were arrested charged with having committed the offense. Henry Hale made an agreement with the State to testify against appellant and others, and he was not prosecuted. Appellant was indicted, charged with burglarizing Flemming Bros.' store. He was tried for that offense and acquitted, he testifying on that trial that on the night of the burglary, he (appellant), Henry Hale and Henry Harper and others went to an entertainment in Bonita. Upon their return they went to a restaurant and after they had been there a while Henry Hale called him, appellant, and Henry Harper to one side and told them he had broken open Flemming Bros.' store, and handed him a hat, some neckties and socks, and he took them and hid them under his coat and carried them to a barn on Mr. Langford's place. The jury evidently believed what he said and acquitted him of the charge of burglary.

The State then indicted him, charging him with receiving and concealing the property, knowing it was stolen. To this charge appellant entered a plea of former jeopardy, based on his acquittal of the offense of burglary.

In many ways appellant complains of the action of the court in failing to submit this plea to the jury; to the failure of the court to give his special charges on this issue, and to the action of the court in instructing the jury not to consider the plea of former acquittal. These bills present no error, for the Code of Criminal Procedure specifically provides that a prosecution and conviction for burglary even will not bar a prosecution for theft or any offense growing out or connected therewith. In Loakman's case, 32 Texas Crim. Rep., 563, this question is discussed in an opinion by Judge Davidson, and decided adversely to appellant's contention, and this decision has always been followed, and

necessarily so by reason of the provisions of our Code of Criminal Procedure.

We do not deem it necessary to discuss but one other question raised by appellant, for it and it alone presents error. It appears in the trial for burglary the State used Henry Hale as a witness, and he testified on that trial that they all went to the restaurant, and that appellant and Henry Harper were gone a while and then returned to the restaurant. That appellant and Henry Harper told him they had broken into the store of Flemming Bros., and they all went into the store together. That he, Henry Hale, took an overcoat and hat and wore them off; that he did not know what the others got out of the store, but the next day appellant told him he had gotten a hat, some neckties and some socks out of the store, and had put them in the barn where the goods were found.

As hereinbefore stated, on that trial appellant testified and swore that it was Henry Hale who had broken into the store and stole the goods and had given them to him, and he had hid them in the barn. The jury accepted his version and acquitted him. On this trial, in which he was charged with receiving and concealing the stolen property, the State introduced appellant's testimony on the burglary trial and other evidence, and it was sufficient to authorize and would sustain a verdict of conviction for receiving and concealing stolen property. However, on this trial appellant did not testify, and he called only one witness, Henry Hale, and he testified as he did on the burglary trial, adding that he did not steal the neckties and socks out of Flemming Bros.' store and deliver them to appellant—his testimony being that appellant stole them himself.

Appellant requested the court to charge the jury that if they found from the testimony that he broke and entered the store in connection with Henry Harper, as testified to by Henry Hale, and they all three entered the store, regardless of who took the articles out of the store, he would be a principal in the commission of the offense and guilty of theft, and if they so found they would find him not guilty of the offense of receiving the stolen property from Henry Hale and concealing it. The testimony of Henry Hale put this issue in the case, and the charge should have been given. If appellant was guilty of the theft of the articles, and Hale's testimony would make him guilty, he could not be guilty of receiving and concealing property he himself had stolen. Because the court failed to submit this issue to the jury will necessitate a reversal of the case. It was clearly raised by the testimony of Henry Hale, and although the jury might not have believed it, and evidently the court did not, the court is not authorized to take issues of fact away from the jury and decide them himself.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*