## J. J. FALLON v. THE STATE.

### No. 6109. Decided April 27, 1921.

**1.—Receiving and Concealing Stolen Property—Indictment—Different Counts.**

It has often been held proper in cases similar to this to charge in separate counts of the same indictment, theft and the receiving and concealing of stolen property. Following Trimble v. State, 18 Texas Crim. App., 632, and other cases.

2.—Same—Indictment—Grand Jury—Unknown Principals—Theft.

To allege that the defendant received the property from some person to the grand jurors unknown, and to further charge that said property had theretofore been acquired by another in such manner that the acquisition thereof comes within the meaning of the term "theft," is sufficient. Following Taylor v. State, 51 S. W. Rep., 237, and other cases.

3.—Same—Ownership—Possession—Evidence—Rule Stated—Corporation.

The allegation of ownership and possession of property of a corporation in a theft case may be correctly alleged in some individual, and such allegations sustained by proof of the actual care, management, and control of such property by such individual.

4.—Same—Evidence—Memory of Witness—Secondary Evidence.

Upon trial of theft, etc., there was no error in permitting the witness to testify that from memory he could give the serial number of one of the alleged stolen casings, and this was not secondary evidence, because there was a list or written memorandum of said serial numbers which the witness did not have with him.

5.—Same—Sufficiency of the Evidence—Requested Charge.

Where, upon trial of theft and receiving stolen property, the evidence is sufficient to sustain the conviction, there was no error in refusing the requested charge to find the defendant not guilty. Distinguishing Arrington v. State, 62 Texas Crim. Rep., 357.

6.—Same—Charge of Court—Owner—Corporation.

Where upon trial of theft, the trial court substantially charged the jury that one individual, or corporation, might be the general owner of property and another person have the actual care, control, and management of the same, and that ownership may be alleged in the person having such actual care, etc., there was no reversible error.

7.—Same—Newly Discovered Evidence—Motion for New Trial.

Where the motion for new trial alleging newly discovered evidence was not sworn to by any person, same will not be reviewed on appeal, and the evidence being sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Culberson. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rogers & Howard,* for appellant.—On question of insufficiency of the evidence: Johnson v. State, 60 S. W. Rep., 667; Forrester v. State, 152 id., 1041; Wilson v. State, 12 Texas Crim. App., 481.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Culberson County of the offense of receiving and concealing stolen property of the value of more than fifty dollars, and his punish-

ment fixed at confinement in the penitentiary for a period of two years.

The indictment contains two counts, one charging theft of certain automobile casings of the value of more than fifty dollars, and the other, the receiving from some person to the grand jurors unknown, and concealing the said property, same having been theretofore acquired in such manner as to make the acquisition theft.

The record contains six bills of exception which will be noticed in their order. Bill No. 1 presents as error the refusal of the trial court to sustain appellant's motion to quash the indictment. It has often been held proper in cases similar to this to charge in separate counts of the same indictment, theft, and the receiving and concealing of stolen property. Houston v. State, 47 S. W. Rep., 468; Trimble v. State, 18 Texas Crim. App., 632.

To allege that the appellant received the property "from some person to the grand jurors unknown," and to further charge in said indictment that "said property had theretofore been acquired by another in such manner that the acquisition thereof comes within the meaning of the term theft," has been held sufficient. Taylor v. State, 51 S. W. Rep., 237; Brothers v. State, 22 Texas Crim. App., 462; Trial v. State, 57 S. W. Rep., 92.

By his second bill of exceptions appellant complains that the State witness Mills, who appears to have been the superintendent of the Great Southern Sulphur Company, the corporation whose property was taken, was permitted to testify with reference to the automobile casings stolen from said company. The ground of the objection is not stated very definitely. The allegation of ownership and possession of property of a corporation, in a theft case, may be correctly alleged in some individual, and such allegation sustained by proof of the actual care, management and control of such property by such individual. This was the substance of the testimony of the witness Mills, and we think it was admissible.

By his third bill of exceptions appellant complains that said Mills was permitted to testify that from memory he could give the serial number of one of the alleged stolen casings. The fact that there was a list, invoice or written memorandum containing said serial numbers, which witness did not have with him, did not make his statement from memory, secondary evidence. It does not appear from the bill of exceptions that witness was attempting to narrate the contents of any such written document as above mentioned, but he was merely stating his knowledge of a fact, and the further fact that in some place the serial number of said casing was written, would not relegate an oral statement of his knowledge of such fact, to the realm of secondary evidence.

By his fourth bill of exceptions appellant complains of the fact that the court refused his motion for an instructed verdict of not guilty after the evidence was closed. We are of opinion that the motion was

properly overruled. No particular ground of failure or lack of evidence is stated in said motion, and we are compelled to examine the entire statement of facts in order to ascertain whether or not the action of the court in the matter was correct. There are many circumstances too numerous for us to mention which appear in the record, which we cannot set forth, but we call attention to the fact that the proof showed that appellant had formerly worked for the Sulphur Company in connection with its automobile repair work, and had been discharged some time prior to the loss of the property in question in this case. The proof further showed that on the night of said loss a car was apparently driven to a point nor very far distant from the plant of said company, said point being out of sight of said plant. There were evidences that the car had remained at this point for quite a while, there being partially consumed cigarettes, apple cores and things of that kind scattered around. It was also shown that at another place to which said car was tracked there had been a change of casings apparently, a worn discarded casing being found at said point, and also the paper wrapping in which new casings are usually inclosed, said wrapping containing the address thereon of the Southern Sulphur Company. A witness testified that there were many foot prints, and that he could not tell whether they were all made by one man or by more than one. On his trial appellant testified that he acquired the casings found in his possession at the time of his arrest, which were substantially identified as being the property taken from the possession of the witness Mills, from one C. C. George. These facts are mentioned to show that the evidence injected the issue of a taking by another person than appellant, into the case. Appellant's proof vigorously asserted that he did not use cigarettes or smoke at all, and that he was not in Culberson county on the 9th or 10th of June, 1920, the alleged taking having occurred about that date. We are not prepared to say there was so little evidence offered in support of the theory that the property was taken by another from the actual possession of the alleged owner, and that appellant's connection therewith was subsequent to the taking, as to lead us to conclude that the trial court was not justified in submitting to the jury the second count in the indictment. The Arrington case, 62 Texas Crim. Rep., 357, 137 S. W. Rep., 669, cited by appellant, was decided upon the sole question of the absence of proof of venue. A witness who testified in the instant case that he saw a man in Culberson County in the afternoon preceding the night of the alleged theft, in a car similar to the one owned by appellant, stated that he thought the person driving said car was appellant.

Appellant's fifth bill of exceptions presents an objection to the charge of the trial court substantially instructing the jury that one individual or corporation might be the general owner of property and another person have the actual care, contol and management of the same, and in a theft case the ownership and possession might be alleged

in the person having such actual care, control and management. We think the charge of the court was correct, and that the bill shows no error.

The remaining bill of exceptions was taken to the action of the trial court in overruling appellant's motion for a new trial, said motion setting up the matters which we have above disposed of, and the further fact of certain newly discovered evidence, and the general proposition that the verdict was contrary to the law and the evidence. We observe that said motion for a new trial is not sworn to by any person as is required when newly discovered evidence is relied upon, and we are, therefore, not at liberty to consider such ground of said motion. We are unwilling to say from an examination of the record in this case that this verdict is not supported by the evidence. That the jury might have found sufficient facts in the record upon which to predicate a verdict of guilty under the first count in the indictment charging appellant with theft, would not necessarily lead us to conclude that the record was so devoid of evidence supporting their conclusion that he was guilty under the second count, as to require us to reverse the case. The evidence showed that on the night in question a burglary was committed on the premises of the Southern Sulphur Company, and a number of automobile casings and other property taken. Among the automobile casings were certain Lee Puncture Proof casings which had recently theretofore been shipped to said company by an automobile accessory house in El Paso. Four casings were found in possession of appellant after the alleged theft, which were identified to a greater or less degree by the employes of the Sulphur Company as being part of those taken on said occasion. Appellant's proof combatted his illegal possession of said casings, and he claimed to have acquired them from one C. C. George during the early part of the year of 1920. In rebuttal of this proposition the State proved that casings of that particular description had but recently been manufactured by the concern which made the Lee Puncture Proof tires, and that those shipped from El Paso to the Sulphur Company were among the first assignment of those casings of said description which were received from the manufacturing company, and that they were received the latter part of May, 1920, and shipped to the Sulphur Company the early part of June, or just a few days prior to the alleged theft. Appellant's principal complaint seems to be the fact that if guilty of any offense at all, he was guilty of theft and not of receiving and concealing stolen property. We think we have sufficiently set out from the record facts which show that the jury, in the exercise of their discretion to accept or reject any portion of the testimony that they may see fit within reasonable limits, found sufficient evidence in the record to satisfy their minds that appellant was guilty as a receiver. We are constrained to believe that the verdict is not without support.

This disposes of all the contentions contained in the record, and finding no reversible error an affirmance is ordered.

*Affirmed.*