RALPH ABERCROMBIE V. THE STATE.

No. 14403.   Delivered June 17, 1931.
Rehearing Denied October 28, 1931.

590

The opinion states the case.

*Wayne Somerville,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for knowingly receiving a stolen automobile, punishment being four years in the penitentiary.

The automobile in question was stolen in Graham, Young county, Texas, on the night of December 1, 1930. It was found in the possession of appellant some time in January, 1931, in the city of Wichita Falls, Wichita county, Texas. Appellant was attempting to sell the car. He told the prospective purchaser that he did not have the "papers" on the car, but would have to go to Fort Worth to get them. Becoming suspicious, the buyer examined the car and discovered the engine number had been changed. He caused appellant's arrest. There were found on his person papers purporting to represent the transfer of a car bearing the changed engine number from one Leach to Bowen. The notary public in Fort Worth who took Leach's affidavit to the transfer testified that he was not acquainted with Leach, but took the affidavit to some one who so represented himself. He further testified that appellant was not present at the time. Upon the trial appellant claimed to have bought the car in question from Bowen, who promised to meet him the next morning after the purchase and give him a bill of sale to the car, but failed to do this. Appellant also produced evidence at the trial which rather effectively supported his claim that he was in Chickasha, Oklahoma, at the time the car was stolen in Young county, Texas, and therefore, that he could not have been the thief.

The count of the indictment upon which appellant was convicted alleged that the car had been stolen by some one to the grand jurors unknown and had been received by appellant from some one to the grand jurors unknown. Evidence was produced by the state sufficient to support

the allegations in the indictment that at the time the indictment was returned the grand jurors did not know who had stolen the car, nor from whom appellant had received it.

The court properly refused a special charge directing the jury to return a verdict of not guilty.

The grand jury did not know from whom appellant received the car. It was appellant's claim that he received it from Bowen. The court told the jury pertinently if they believed appellant bought the car from Bowen and did not at the time know it was stolen to acquit, or if they had a reasonable doubt regarding that matter to return a verdict of not guilty. There was no error in refusing the special charge requested upon the same subject.

Appellant requested the court to instruct the jury that if appellant stole the car in question they should acquit him of the offense of receiving and concealing stolen property. The charge was refused. Under some circumstances the omission of such instruction would be reversible error, as illustrated in Allen v. State, 76 Texas Crim. Rep., 416, 175 S. W., 700. Article 666, C. C. P., provides that an error regarding instructions to the jury, or the refusal thereof, shall not be ground for reversal unless it was calculated to injure the rights of the defendant. Giving effect to said article we think the refusal of the special charge last mentioned would not call for a reversal. The evidence presented by appellant on the trial as to his presence in Oklahoma at the time of the theft in Texas appears to have been so convincing that he learned trial judge did not submit the count of the indictment charging appellant with stealing the car. The case turns upon the point of appellant's lack of knowledge that the car had been stolen at the time he claimed to have come into possession of it from other parties.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The car in question was stolen. Thereafter it was found in appellant's possession. The state offered nothing further to prove him the actual taker. He testified that he bought said car in good faith from one Bowen in Fort Worth. The testimony sufficiently threw doubt upon his explanation to justify the trial court in submitting it to the jury. Fallon v. State, 89 Texas Crim. Rep., 247, 230 S. W., 170; Fuller v. State, 99 Texas Crim. Rep., 475, 270 S. W., 169; Mehlman v. State, 92 Texas Crim. Rep., 455, 244 S. W., 523.

The testimony supports the conclusion that the story as to how appellant got the car was untrue. In the main charge the court told the jury that if they believed appellant bought the car from Bowen without knowing that it was stolen, or if they had a reasonable doubt thereof, they should acquit. This fully and properly presented appellant's defensive

theory based on his testimony. There seems to us no need to have given the special charge requested. This covers the complaints made in the motion.

The motion for rehearing will be overruled.

*Overruled.*