## Leo Short v. The State.

No. 18704. Delivered January 6, 1937.

The opinion states the case.

*D. G. Reynolds* and *H. L. Moss,* both of Shamrock, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of tapping a gasoline pipe line, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

The record shows that Smith Brothers owned and operated a gasoline plant and pipe line in Wheeler County, Texas, of which L. S. Humphreys had the possession, control, and management; that said pipe line was tapped without his consent. On the night of March 9, 1936, appellant and his companion were caught tapping said pipe line and withdrawing gasoline therefrom. The officers, who suspected appellant and his companion of the act, followed them from the town of Kellerville to the place where the pipe line was tapped. Upon their arrival at the place they found that appellant and his companion had attached a hose to the pipe through which the gasoline flowed into a barrel on the rear of their car. They had three iron or steel barrels such as are generally used for transporting gasoline, each of which had a capacity of fifty-five gallons. At the time the officers threw their lights on them Marvin Short was manipulating the valve while appellant was in the rear of their car apparently holding the hose.

Appellant requested the court to instruct the jury to return a verdict of not guilty on the ground that it was not shown that Smith Brothers, the owners of the pipe line, had not consented to the tapping; which the court declined to do and appellant excepted.

Art. 402, C. C. P., 1925, reads as follows:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either." * * *

It is obvious that the ownership of the pipe line was properly alleged in L. S. Humphreys and proof that he did not give his consent to the tapping of the pipe line was sufficient. See Fallon v. State, 89 Texas Crim. Rep., 247; Otero v. State, 30 Texas Crim. Rep., 450; Arcia v. State, 28 Texas Crim. Rep., 198.

Appellant's next contention is that the court erred in declining to give his requested special instruction for a verdict of not guilty, on the ground that there was no evidence which showed that appellant had anything to do with the tapping of the pipe line. The legal proposition asserted by appellant is correct if the testimony authorized such a charge, but the record presents a state of facts different from that contended for by appellant. Appellant and Marvin Short left Kellerville

in an automobile about ten p. m. They had three iron or steel barrels and a hose in their car. They went to the pipe line of Smith Brothers, tapped it, and by means of said hose withdrew gasoline therefrom. Marvin was operating the valve while appellant was in the rear of their car near the iron barrels apparently holding the hose. The jury could reasonably draw the conclusion that appellant knew of the unlawful intent of Marvin Short, and knowing the unlawful intent of Marvin he not only agreed to the commission of the offense, but he actually aided Marvin in the commission thereof by holding the hose through which the gasoline flowed into the barrel. We do not think the court erred in declining to give the requested instruction.

Art. 78, Branch's Anno. Penal Code (Texas), reads as follows:

"Any person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal thereto, whether he aids or not in the illegal act."

If appellant aided Marvin Short in the commission of the offense by holding a hose through which the oil flowed from the pipe line to the barrel or if he agreed to the commission of the offense and was present when the same was committed, he would be a principal thereto whether he aided or not in the illegal act. The circumstances proven, according to our opinion, are sufficient to justify the jury's conclusion that the appellant either agreed to or aided in the commission of the offense, or did both, and, therefore, was a principal.

The court fully instructed the jury on the law of principal and also instructed the jury on the law of circumstantial evidence.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.