Carlos MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 40379.

Court of Criminal Appeals of Texas.

May 31, 1967.

Rehearing Denied July 19, 1967.

J. Ray Martin, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary with intent to commit theft; the punishment, twelve (12) years confinement in the Texas Department of Corrections.

In imposing sentence, the trial court specified that such sentence shall be cumulative with a twenty-five (25) years sentence for the offense of robbery by assault with firearms entered on the same day in the same court against this appellant.

It appears from the record that appellant was separately indicted for the offenses of armed robbery and burglary growing out of the same series of events on July 16, 1966, in Potter County, Texas.

On September 13, 1966, after the State had waived the death penalty, appellant entered a plea of "not guilty" before a jury to the indictment charging him with robbery by assault with firearms. After the State rested its case in chief, and appellant's motion for an instructed verdict was overruled, appellant changed his plea to "guilty" and waived trial by jury. Such procedure is permissible in an otherwise capital case where the State has waived the death penalty in accordance with Article 1.14, Vernon's Ann.C.C.P. The punishment assessed by the Court was twenty-five years. The appeal from this conviction was disposed of in Morales v. State, Tex.Cr.App., 416 S.W.2d 436, this day reported.

Following the proceedings in the robbery case and on the same day the state waived and abandoned the prior convictions alleged in the burglary indictment for the purpose of enhancement. After being duly admonished by the Court as to the consequences of his plea, including a statement as to the maximum and minimum punishment that could be assessed for burglary, appellant entered his plea of "guilty" to the instant offense of burglary, waiving his right to trial by jury. Further, appellant and counsel of his own choice executed a written waiver of the appearance, confrontation, and cross-examination of the witnesses against him and consented to the stipulation of evidence in accordance with Article 1.15, V.A.C.C.P.

Such stipulated evidence, being that offered by the State before the jury in the robbery prosecution, appears in the record before us in the form of an agreed statement of facts as authorized by Article 40.09, Section 14, V.A.C.C.P.

We do not deem it necessary to set out all the facts and details of the offenses. Briefly, the agreed statement of facts reveals that the appellant, with the assistance, before and after the offenses, of a female employee of the Ship's Lounge No. 2, in Amarillo, Texas, entered that business establishment after it was closed and locked at approximately midnight on July 16, 1966. Said employee had informed the appellant there would be money in the said lounge that night. At 2 A.M., the owner of the Ship's Lounge No. 2, Antonio Espinosa, upon observing lights burning in the building, returned unexpectedly to the premises. Upon entering the building, he was assaulted and robbed by appellant whom he discovered inside the business establishment. The agreed statement of facts includes the assertion that the evidence offered was sufficient to support both convictions.

In his first ground of error, if we understand it, appellant contends that the trial court erred in fixing his punishment for burglary in excess of the minimum of two years as he was denied a separate hear-

ing on punishment as contemplated by Article 37.07, Section 2(b), V.A.C.C.P. We overrule such contention.

■ Appellant obviously overlooks the fact that Article 37.07, Section 2(b), supra, is applicable only to pleas of not guilty before a jury. Rojas v. State, Tex.Cr.App., 404 S.W.2d 30. It has no application where a defendant waives trial by jury and enters a plea of guilty before the Court in a felony less than capital case. Articles 1.13, 1.14, and 1.15, V.A.C.C.P. Further, Article 37.07, Section 2(b), supra, has no application to a plea of guilty before a jury in such cases. Article 26.14, V.A.C.C.P.; Rojas v. State, supra.

In his second ground of error, appellant contends that the trial court abused his discretion in cumulating the burglary sentence with the sentence previously imposed in the robbery case since the offenses grew out of the same transaction. It is his contention that both offenses depend upon the same facts in one continuous transaction and therefore, the offenses cannot be separated for the purposes of punishment.

Article 1399, Penal Code, provides:

"If a house be entered in such manner as to be burglary, and the one guilty of such burglary shall after such entry commit any other offense, *he shall be punished for burglary and also for whatever other offense is so committed.*"

Article 1400, Penal Code, provides:

"If the burglary was effected for the purpose of committing one felony, and the one guilty thereof shall while in the house commit another felony, *he shall be punishable for any felony so committed as well as for the burglary.*"

In the 1894 case of Loakman v. State, 32 Tex.Cr.R. 563, 25 S.W. 22, this Court interpreting Articles 712 and 713 (now 1399 and 1400) of the Penal Code, said:

" * * * Under the statutes cited it was unquestionably the intention of the legislature to authorize convictions, not only for burglary, but also for any and all felonies committed while in the house so burglariously entered, and to repeal the common law in this regard where it authorized pleas of former conviction."

It has long been held that a previous conviction of theft of property taken from the house alleged to have been burglarized will not bar a subsequent prosecution for the burglary, since the defendant may be convicted of the burglary and for whatever offense he may have committed after the burglarious entry. Branch's Anno.Penal Code, Vol. 4, Sec. 2545, p. 879. The same rule applies when the former conviction is for burglary and the subsequent prosecution is for theft of property taken in the same burglary.

It is likewise noted that a former conviction for burglary will not bar a prosecution for an assault with intent to rob growing out of the same transaction. Adams v. State, Tex.Cr.App., 62 S.W. 1059.

Further, a former acquittal for burglary will not bar a prosecution for theft of property taken from the alleged burglarized house and vice versa. Sigler v. State, 143 Tex.Cr.R. 220, 157 S.W.2d 903; Roman v. State, 64 Tex.Cr.R. 515, 142 S.W. 912; Wallace v. State, 57 Tex.Cr.R. 354, 123 S.W. 135.

In addition, we call attention to the provisions of Article 42.08, V.A.C.C.P., which grants to the trial judge the authority, within his discretion, to cumulate sentences. It provides as follows:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, *except that in the discretion of the court,* the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sen-

tence in the preceding convictions has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

 We cannot conclude that the trial court abused his discretion ·in cumulating the burglary sentence in the case at bar with the previously imposed robbery sentence.

Appellant's second ground of error is overruled.

The judgment is affirmed.