# Smoke *v.* The State.

*Indictment for Arson.*

1. *Sufficiency of indictment; averment of ownership of building.*—An indictment which charges the burning of a "cotton-house containing cotton of M. B." (Code, § 3781), is fatally defective, in not alleging with sufficient clearness the ownership of the house.

FROM the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

The indictment in this case contained four counts, the first charging that the defendant "willfully set fire to or burned

the cotton-house containing cotton of Montgomery Beasley;"
the second, "the cotton-pen containing cotton of Montgom-
ery Beasley;" the third, "the cotton-house containing cotton
of Bettie Beasley;" and the fourth, "the cotton-pen contain-
ing cotton of Bettie Beasley." There was a demurrer to the
indictment, and also a motion in arrest of judgment, because
the indictment did not allege the ownership of the building
alleged to be burned; each of which was overruled.

W. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The indictment, in our opinion, was
bad, in failing to aver with sufficient clearness the ownership
of the "cotton-house," or "cotton-pen," alleged to have been
set fire to, or burned.—Crim. Code, 1888, § 3781. Each of
the four counts must be construed to aver only the ownership
of the cotton contained in the house or pen, and not of the
structure itself which contained the cotton.

The demurrer should have been sustained, and it was error
to overrule it.

The judgment will be reversed, and the usual order made
for holding the defendant in custody until legally discharged.

Reversed and remanded.