# Thomas *v*. The State.

*Indictment for Conspiracy to commit Arson.*

1. *Conspiracy to commit arson; indictment*; *fatal variance.*—Where an indictment charges conspiracy "to unlawfully and willfully set fire to or burn a corn crib containing corn," and the evidence shows that the building in question was a cabin, with chimney, door and windows, and had been inhabited up to within a month or two of the attempt to burn it, when the owner had put corn therein, there is a fatal variance between the allegations of the indictment and the proof; such building not being a "corn crib," as averred.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant was indicted, tried and convicted for conspiracy to commit arson. The averments of the indictment are sufficiently stated in the opinion. To the indictment the defendant demurred upon the following grounds: "1st. Said indictment fails to aver the owner-

[Thomas v. The State.]

ship of the corn alleged to be in the corn crib. 2d. Said indictment fails to aver that the corn crib mentioned therein is in the curtilage of a dwelling house. 3d. Said indictment avers that the corn crib mentioned in said indictment contained corn." This demurrer was overruled. The other facts of the case are sufficiently stated in the opinion.

SAMFORD & SON and S. O. HOUSTON, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The indictment in this case charges a conspiracy between defendant and one Banks "to unlawfully and willfully set fire to or burn a corn crib, containing corn, said corn crib being the property of Fayette Allrid," etc. It is arson in the second degree to burn any *corn crib* whether it contains corn or not, or any *corn pen containing corn*.—Code of 1886, § 3781; *Cook v. State*, 83 Ala. 62. If we hold that the terms "corn crib containing corn" includes a "corn pen containing corn," in line with the decision just cited, the indictment would be bad, it would seem, on the ground taken by the demurrer that it fails to allege the ownership of the corn.—*Smoke v. The State*, 87 Ala. 143.

But there is a more important question in the case. It is whether the building which Thomas and Banks are alleged to have conspired to burn was either a corn crib, or a corn pen containing corn, within the meaning of the statute. We do not think it was either. The evidence shows that it was a cabin for the habitation of tenants, with chimney, door and windows and all the other characteristics of a cabin or dwelling house, that it has always been used for human habitation up to within a month or two before the attempt to burn it, and that being then untenanted, the owner deposited there some corn and forage which continued in the building up to the time of the alleged offense. The words "corn crib" and "corn pen" have well understood and definite meanings. Everybody understands what a corn crib is and what a corn pen is, and nobody would speak of a dwelling house of even the humble class, called cabins, as either a corn pen or corn crib. though it should be temporarily used for the storage of corn. And we conclude

[Naugher v. The State.]

that the evidence did not sustain the averment of the indictment that defendant and Banks conspired to burn a corn crib containing corn; there was a fatal variance between the allegation and the proof; and the affirmative charge asked by defendant should have been given.

Reversed and remanded.