CLARENCE METCALF, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed September 23, 1929.

*Philip D. Beall,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of the offense denounced by Section 7239, Comp. Gen. Laws 1927, providing the punishment for buying, receiving or aiding in the concealment of stolen property.

The indictment was presented by the grand jury of Santa Rosa County and charged the defendant, plaintiff in error here, with breaking and entering a dwelling house with intent to steal money and property of the value of less than Fifty Dollars. The dwelling house was alleged to be in Santa Rosa county and to be the property of Mrs. G. A. Duncan. The second count charged the offense of which the accused was found guilty. That count charged the receiving by the accused of certain described goods and chattels alleged to be the property of Mrs. Duncan and of the value of Fifty-one Dollars.

Mrs. Duncan, who was living at New Orleans, learned that her house at Town Point in Santa Rosa county had been entered and her property stored therein had been taken away. She came to Town Point, discovered that her house had been entered and the property stolen. She obtained a search warrant to search the house of the defendant at Pensacola, in Escambia county. The stolen property was found in the possession of the accused who at the time, afterwards, and at the trial, gave confused accounts of how he acquired possession of the goods. In one statement he

admitted that some one else broke into the house but he assisted in taking the goods away. Such was his admission, according to the statement of one of the witnesses.

The position taken by counsel for the plaintiff in error is that the accused not having been convicted on the first count charging a breaking and entering was therefore acquitted of that charge, which meant a finding that he was not present aiding and abetting the entry and larceny; that the evidence against him on the question of his presence at the place and time of the commission of the offense of breaking and entering may have supported a verdict of guilty on the first count as principal in the commission of that offense, but his acquittal of that charge left the evidence on that phase of the case competent only to sustain the offense of larceny and one who is the thief cannot be convicted of the offense of receiving the property knowing it to have been stolen. Further that the mere possession of the property in Escambia county is not sufficient to raise the presumption that the accused received the stolen property in Santa Rosa county.

The fallacy of that argument lies in the supposition that one who stands by while a larceny is being committed can not commit the offense of receiving or aiding in the concealment of the stolen goods knowing them to have been stolen. While it is true that one who commits larceny cannot be adjudged guilty of receiving the thing stolen, yet "there is no reason" "why a confederate of the thief may not be guilty of both receiving and concealing the property which the latter has stolen." That rule was quoted approvingly by this Court in the case of Adams v. State, 60 Fla. 1, 53 So. R. 451. See also Bargesser v. State, 116 So. R. 12.

The reasoning upon which the rule rests is stated in the case of Smith v. State, 59 Ohio St. 350, 52 N. E. R. 826, cited in the above opinion.

The evidence in this case was sufficient to support the conclusion of the jury that the receiving of the property by the accused was subsequent to the larceny in fact which was completed when the goods in the house were removed by the thief from their location therein with the purpose of appropriating them. The fact that the accused was on the outside of the building waiting to receive the goods after they were taken from the house does not necessarily make such receipt of the goods part of the larceny in fact.

The judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.