ALIVIS SNIDER v. THE STATE.

No. 14592.   Delivered December 16, 1931.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler, both* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property of the value of less than $5; punishment, a fine of $50.

The complaint and information contained two counts, one charging theft and the other the receiving and concealing of the same property, knowing it to have been stolen. Both counts were submitted to the jury in the charge of the court. This may have been unfortunate. The testimony makes out a clear case of theft, in which event the accused could not be convicted for receiving and concealing. The two offenses are separate and distinct offenses in law. McAfee v. State, 14 Texas App., 668. Many other authorities announce the same conclusion. The state relies for conviction upon appellant's written confession. In same he describes a trip made by himself and two others to the place where the motor meter involved in the instant prosecution was stolen, and also a wheel, tire and tube were stolen from an automobile, and certain harness. There is no question but that appellant was present and participating as a principal offender at the time of each theft. The parties went to the high school building in appellant's car, and, as he states in his confession, while there Howard Mays stole the motor meter off a car, the taking being known to appellant. The parties left the school building together and went to New Castle, Texas, where they separated, appellant keeping the automobile wheel, the tire and the motor meter, and the others taking the harness. We quote from appellant's confession: "I took the automobile wheel and tire and motor meter on with me. Howard and Harold Mays took the harness to Mr. Skaggs as their part *of what we stole the night before,* I took the tire, wheel and motor meter as my part." In another place in the confession appellant said that the tire, motor meter, etc., found at his home by the officers "is the same property that I helped steal in Woodson, Texas, last Thursday night". It thus appearing without dispute that appellant participated in the stealing of the motor meter in question, under all our decisions he would be guilty of theft of same, and therefore can not be convicted for receiving and concealing the same. Sparks v. State, 108 Texas Crim. Rep., 367, 300 S. W., 938; Moore v. State, 83 Texas Crim. Rep., 302, 203 S. W., 51; Allen v. State, 76 Texas Crim. Rep., 416, 175 S. W., 700; Pollard v. State, 33 Texas Crim. Rep., 197, 26 S. W., 70. In this condition of the record it becomes necessary to order a reversal of the case, and it is accordingly so ordered.                                         *Reversed and remanded.*