219 So.2d 886

**James Edward HOLLINGSWORTH**

**v.**

**STATE.**

**I Div. 330.**

Court of Appeals of Alabama.

Jan. 14, 1969.

Matranga, Hess & Sullivan, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment upon which the conviction was had contained one count, charging the offense of buying, receiving, concealing, or aiding in concealing stolen property. The punishment was fixed at imprisonment in the penitentiary for four years.

The evidence offered by the state tended to show on May 4, 1967, Pete Patronas, a Deputy Sheriff with the Mobile Sheriff's Office, was working his extra job of patrolling the beach on Dauphin Island for the Dauphin Island Park and Beach Board. Because of his employment with the Dauphin Island Park and Beach Board, he at one time had lived in one of the rooms of the Sand Dunes Casino, in which there was a York 100 Air-Conditioning unit. On May 4th the Casino was closed.

Deputy Patronas stated that about 3:00 p. m., he observed a green and white Plymouth automobile parked under one of the air-conditioning units. He looked into the car but saw nothing.

The same afternoon Deputy Sheriff Thomas Ray also saw an automobile of the same description backed up to the Sand Dunes Casino and saw two men bringing what appeared to be a heavy object out of the front door of the Casino, which they placed in the back seat of the automobile.

Deputy Patronas stated that about 4:00 or 4:30 p. m., he went to Dauphin Island

---

1. This officer did not see Prescott take a drink after he stopped his car. The pursuit was close if not hot.

Bridge to help Patrolman Thomas Lott work a wreck. While there the appellant was stopped on the bridge for speeding by Lott. He was given a warning ticket and permitted to go. During the time he was stopped Patronas saw a York 100 Air Conditioner lying on the back seat of appellant's green and white Plymouth. The air conditioner had sand on it.

Patronas testified he recognized the air conditioner as one coming from the Casino because of the condition of one of its dials. He further testified he told appellant it was stolen, but that appellant told him he had purchased it from someone. The witness stated his opinion of the value of the air conditioner to be $125.00 to $175.00. After Patronas had finished working the wreck, he and another deputy went back to the Sand Dunes Casino. He found the York Air Conditioner gone. This air conditioner was never recovered.

On May 7, 1967, Patronas again saw the appellant's car parked by the Casino. He observed that the air conditioning box had been removed from the Casino and was sitting approximately six feet from the automobile. He and Deputy Allen sent for the appellant who was fishing with his wife on a pier not far from the Sand Dunes Casino. He was placed under arrest at this time. After docketing the defendant, he went with him to a roofing company and defendant showed him an air conditioning unit, but this was not the unit he observed in defendant's automobile.

For the defendant, one Charles Chilton Coulson testified he, as well as defendant, was employed by the Security Roofing Company. He identified a bill of sale to a Mitchell Air Conditioning unit sold to him by the defendant, dated May 4, 1967.

The defendant testified he had been employed by Security Roofing Company for about six years. On May 4, 1967, he reported for work, but as was customary when it rained, the employees did not work.

On this day he and another employee, Coulson, entered into an agreement whereby Coulson sold to defendant one Mitchell Air Conditioner for $15.00. Defendant stated he put this air conditioner on the back seat of his car and went fishing on Dauphin Island. He was alone and no one joined him there. He left the Island about 5:00 or 6:00 p. m. While on his way home he saw a wreck on Dauphin Island Bridge. He stated he was going for help when he was stopped on the bridge by Patrolman Lott. While he was stopped Patronas looked into his car and accused him of stealing the air conditioner. He denied it was stolen and offered to get the papers concerning the sale.

The appellant insists that the evidence offered by the State tended to prove that defendant came into the possession of the property described in the indictment solely by his stealing it from the Sand Dunes Casino, and since one who steals property cannot be convicted of receiving, concealing or aiding in concealing the property stolen; that this matter was brought to the attention of the trial court by the defendant's motion to exclude the State's evidence, and the denial of the motion to exclude constituted reversible error, relying on the case of Gallman v. State, 29 Ala.App. 264, 195 So. 768, as authority for his contention.

It was not shown that defendant was one of the men seen carrying a heavy object from the Casino, and there was no direct evidence tending to show that he was guilty of the larceny of the air conditioner. Under the testimony it was open to the jury to find that the air conditioner was stolen and it was received by defendant after being stolen, and that he received, concealed, or aided in concealing it, knowing that it was stolen.

We find no reversible error in the record. The judgment is due to be and hereby is affirmed.

Affirmed.