ALMON, Justice.
The Family Court Division of the Circuit Court of Madison County declared William L. Haymes, age 13, to be a juvenile delinquent. The child was ordered to serve 30 days detention in the Madison County Juvenile Detention Home and was placed on a 2 year probation conditioned upon his payment of $500.00 restitution to the injured party.
On the evening of December 27, 1975, between 10:30 and 11:30 P.M., William Haymes and Brian James Yoight took a mop from outside a local educational television station. William broke off part of the handle and Brian lit the mophead with a book or box of matches. The mophead smoked and smouldered. The two boys then rode on a single bicycle to the residence of Jerry Slaby.
According to Brian, William said, “We’re going to smoke out all the people on the mountain,” and both boys laughed. Brian testified that, upon arriving at the Slaby residence, William took the smoking mop-head and went over by a doghouse located within a few feet of a garage. (Brian had been declared a delinquent about an hour prior to his testimony.)
Contrary to Brian’s testimony, William testified that it was not he who took the mophead over to the doghouse, but rather, Brian who did.
Later that night the doghouse and garage burned, causing several thousand dollars in damages.
On appeal, Haymes contends (1) that the petition is constitutionally defective for not giving adequate notice, (2) that the mop-head admitted into evidence was not shown as being in substantially the same condition as at the time of the fire, (3) that the lower court’s decree is palpably wrong, and (4) that the lower court does not have authority to require a delinquent child to pay restitution or costs.
The petition alleged that Haymes:
“did willfully set fire to, or burn, or cause to be burned, or aid or procure the burning of a dwelling house, or any kitchen, shop, barn, stable, or other out house within the curtilage of a dwelling house, the property of another, to-wit: a garage located at 3911 Cooper Street. This incident took place in the city of Huntsville, Madison County, Alabama, on, to-wit: December 27, 1975.”
Appellant argues that because the petition would be defective for not naming the owner of the property if this were a criminal case, citing Smoke v. State, 87 Ala. 143, 6 So. 376 (1888), it is also defective in this case, citing In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In Smoke, the appellant had filed a demurrer to the indictment. Here, we find no demurrer or other motion addressing the petition.
Had Haynes been an adult, the indictment would have been sufficient absent a demurrer. See also Rudolph v. State, 286 Ala. 189, 238 So.2d 542.
We are further satisfied that no injury resulted. Haymes was represented by counsel at the reading of the petition and at the subsequent hearing.
Appellant contends that the record does not show that a mophead introduced by the State was in substantially the same condition as at the time of the fire. The applicable rule of law is as follows:
“The pertinent rule is that articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time of the offense . . . .” Dennison v. State, 259 Ala. 424, 427, 66 So.2d 552, 554 (1953).
See also King v. State, 45 Ala.App. 348, 230 So.2d 538 (1970), and Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696 (1958).
We believe, based on the testimony of Mr. Slaby, that the mophead was properly admitted into evidence:
*1106 “Q. When you came back, did you have an occasion to examine the area about the garage and doghouse?
“A. Yes, sir. For two — Maybe between two or three weeks, I left it as it was. I was too upset. And then I started to clean up that area and the City took off this debris. And I found under the doghouse a mop.

“Q. When that period of time had passed, after you found your garage burned and you did go out and look around that area, let me show you this item that has been marked for identification as State’s Exhibit 1 in this case and ask you if you found this item about your garage or doghouse?
“A. Well, that’s the mop, yes.
“Q. Okay, and did you find it about your doghouse?
“A. Yes, sir. It was under the plywood which I kept for keeping the weather away from the doghouse.
“Q. And you found this there on your property?
“A. Yes, sir.”
The testimony was taken orally before the trial judge. We have consistently followed the practice of not disturbing a trial judge’s conclusions of facts unless his judgment is unsupported by the evidence or is palpably wrong. Guenther v. State, 279 Ala. 596, 188 So.2d 594 (1966). There was ample evidence to support the trial judge’s conclusion, and we are not convinced that the judgment was palpably wrong.
Appellant asserts that the circuit court does not have jurisdiction or authority to require a delinquent child to pay restitution in the amount of $500.00 or court costs of $15.00.
As to the court costs this contention overlooks Act No. 2282, Acts of Alabama, 1971, p. 3683. This act in pertinent part provides:
“Section 1. The Family Court Division of the Circuit Court of any county having a population of not less than 175,000 nor more than 300,000 according to the last federal decennial census may assess and collect a fee in the amount of $15.00 for the filing of each case in such court wherein a juvenile is adjudged to be delinquent under the provisions of Chapter 7, Title 13, Code of Alabama.
“Section 2. The fee so collected shall be paid into the general fund of such counties by the 10th of the month following collection thereof.
“Section 3. Any person convicted of violating any of the offenses or provisions of Chapter 7, Title 13, Code of Alabama, may be fined by the Judge of said court in an amount not more than $500.00.”
We think the broad powers given juvenile courts in Tit. 13, § 351, Code of Alabama 1940, Recompiled 1958, are adequate to authorize the court to require restitution. § 351 gives juvenile courts jurisdiction and power possessed by equity courts. This court being a circuit court, of course, has equity power independent of § 351. This section further provides juvenile courts have authority “to make and enter such judgment and orders for his custody, discipline, supervision, care, protection and guardianship, as, in the judgment of the court will properly conserve and protect the welfare and best interests of the child.” See also § 354 of Tit. 13.
The judgment in this cause is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.