This is an appeal from an adjudication of delinquency in the Montgomery Circuit Court, Domestic Relations Division, Juvenile Section. Scott was found to have committed the offense of buying, concealing or receiving stolen property. Appeal was taken directly to this court pursuant to Alabama Rule of Juvenile Procedure 28.
On November 18, 1978, Michael Cherry, Steven Scott, Norman Jones and Morris Johnson drove to the Montgomery Mall in a car belonging to Steven Scott. Scott, Jones and Cherry were seventeen years old at the time. Although there is some dispute about what then happened, the evidence tends to establish that the four boys proceeded to J.C. Penney's. There, Morris Johnson took a shirt off a rack and concealed it in his pants while the other three huddled around to hide his actions from view. A jacket was also taken in the same manner. Morris Johnson then left the Mall and was apprehended in the parking lot by a security officer of J.C. Penney's. Johnson removed the shirt from Scott's car and followed the security officer back to the entrance of the Mall where they encountered the other three boys.
Two petitions were originally filed against appellant, one charging him with larceny and one with buying, concealing or aiding in concealing stolen goods. Before the commencement of the trial, the state *Page 318 
elected between the two petitions and chose to proceed with the "Buying, receiving, concealing, etc., stolen property." charge. Code 1975, § 13-3-55. At the close of the state's case, counsel for the appellant moved to exclude the evidence. The trial judge entered an order finding the appellant guilty of "Buying, receiving, concealing, etc., stolen property." This appeal followed.
Did the evidence introduced at trial support the allegations of the delinquency petition? If not, must the adjudication of delinquency be overturned? These are the issues before us.
Under our Juvenile Code, the delinquency jurisdiction of the juvenile court is restricted solely to cases in which the juvenile has committed a crime under the laws of this state, or under the laws of another state in which the act is committed, or under federal law or where the juvenile has violated a municipal ordinance. Code 1975, § 12-15-1 (8), (9). The delinquency petition must specifically allege the acts which bring the juvenile within the court's jurisdiction. Code 1975, § 12-15-65 (b). At the hearing, it must be proved beyond a reasonable doubt that the juvenile committed the acts ascribed to him or her, and this finding must be based on evidence which is competent, relevant and material. Code 1975, § 12-15-65 (d). If the court finds that the allegations in the petition have not been established, it must dismiss the petition. Code 1975, § 12-15-65 (c). Thus, our juvenile statute echoes the general common-law principle of due process which requires the reversal of a conviction where there is a material variance between the allegations and the proof. See, e.g., Wideman v. State,269 Ala. 49, 110 So.2d 298 (1959); Taylor v. State, 47 Ala. App. 285, 253 So.2d 354 (1971). If the evidence introduced at trial was insufficient to establish a prima facie case of "Buying, receiving, concealing, etc., stolen property," the adjudication of delinquency must be reversed, although the evidence would support a charge of larceny.
It is clear from the transcript that such is the case. Larceny is often defined as the felonious taking and carrying away of personalty of another with intent to convert it or deprive the owner thereof. Davidson v. State, 351 So.2d 683
(Ala.Cr.App. 1977). To establish the offense of "Buying, receiving, concealing, etc., stolen property." ". . . it must appear that the property was stolen; that accused bought, received or concealed it knowing it had been stolen; and that she had no intention of returning it to the owner. (Citations Omitted)" (Emphasis Added) Johnson v. State, 41 Ala. App. 351,352, 132 So.2d 485, 486 (1961). In 76 C.J.S. Receiving Stolen Goods § 14b, the rule is stated that:
 ". . . where one steals goods under such circumstances that the receiving thereof is a part of the theft itself, he cannot be convicted of receiving the stolen goods. Likewise, one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the property, cannot properly be convicted of receiving stolen property. . . ."
Here, the appellant actually participated in the theft. Although he did conceal the goods by screening them from view with his body, it was for the purpose of assisting the actual thief in the caption and asportation.
 ". . . since a thief may not receive stolen property from himself, the appellant cannot be convicted of receiving stolen property where the evidence shows that she [he] actually stole the property." Davidson v. State, 360 So.2d 728, 731
(Ala.Cr.App. 1978).
See also: Jones v. State, 373 So.2d 1221 (Ala.Cr.App. 1979); cert. denied [MS. August 31, 1979].
Since the appellant aided and abetted the commission of a crime under Alabama law, he is treated the same as a principal. Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, whether or not the one so contributing is present, brings the accused within the statute that makes any person *Page 319 
concerned in the commission of a felony, directly or indirectly, a principal. Staggs v. State, 51 Ala. App. 203,283 So.2d 652 (1973). No particular acts are necessary to make one an aider and abettor; the common enterprise or adventure may have been entered into on the spur of the moment without prearrangement or participation. Watkins v. State,357 So.2d 156 (Ala.Cr.App. 1977); cert. denied 357 So.2d 161 (Ala. 1977).
Nor does the subsequent concealment of the stolen goods in Steven Scott's car bring him within the definition of "Buying, receiving, concealing, etc., stolen property." Although goods found in a car are deemed to be in the constructive possession of its owner, English v. State, 38 Ala. App. 377, 84 So.2d 673
(1956), "It is elementary law that one who steals property, or . . one who is a principal to the theft thereof, cannot be convicted of receiving, buying, concealing, or aiding in concealing the property stolen . . ." 76 C.J.S. Receiving Stolen Goods § 14b. Since Scott was, himself, a principal to the theft, subsequent concealment in his car of the property stolen would not make him guilty of "Buying, receiving, concealing, etc., stolen property."
Although, in a case where testimony was heard ore tenus by the trial court, a presumption exists as to the correctness of the court's finding of facts, Haymes v. State, 349 So.2d 1104
(Ala. 1977), such presumption does not exist where the trial court erroneously applied the principles of law involved. St.Clair Industries, Inc. v. Harmon's Pipe Fitting Co., 282 Ala. 466, 213 So.2d 201 (1968). Here, although the facts introduced by the state would support a charge of larceny, they do not make out a case of "Buying, receiving, concealing, etc., stolen property." The judgment is, therefore, reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.