383 So.2d 888 (1980)
Calvin WHITE
v.
STATE.
5 Div. 469.
Court of Criminal Appeals of Alabama.
February 26, 1980.
Rehearing Denied March 18, 1980.
*889 Richard D. Lane, Auburn, for appellant.
Charles A. Graddick, Atty. Gen., M. Clayton Humphries, Jr., Asst. Atty. Gen., for appellee.
BOOKOUT, Judge.
Buying, receiving and concealing stolen property; sentence: five years imprisonment.
On April 31, 1979, Lee James Jones cashed his Social Security check for $185 and placed the proceeds in his billfold. Later that same day the appellant and a female companion came into Mr. Jones' house.
According to Mr. Jones, as he was preparing to feed his cat, the female got behind him, grabbed his billfold, and tossed it to the appellant. Appellant and the girl then ran from the house and were subsequently arrested.
By motion to exclude the State's evidence and by motion for new trial, appellant's counsel presented to the trial court the argument that since the evidence showed that appellant was an accomplice to a larceny he could not lawfully be convicted of receiving the same goods he had helped to steal.
The trial court denied both motions.
It is a well recognized rule of law that a person who actually steals property cannot be convicted of buying, receiving, concealing or aiding in the concealment of the property stolen. Annot., 136 A.L.R. 1087 (1942); Blackburn v. State, Ala.Cr. App., 372 So.2d 908 (1979); Nicholson v. State, Ala.Cr.App., 369 So.2d 304 (1979); Gallman v. State, 29 Ala.App. 264, 195 So. 768 (1940). The reason for the rule stems from the logical impossibility for the thief to receive stolen property from himself. Davidson v. State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala., 360 So.2d 731 (1978).
When the one accused of receiving stolen property is not the actual thief, but merely a participant or accomplice to the theft, authorities differ on whether the accused may be convicted.
". . . The crime of larceny and that of receiving stolen property being distinct and separate offenses, it becomes necessary for the courts to determine whether participation in the larceny by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving is, under the circumstances, so distinct as to constitute the separate offense defined by the statute as receiving. . . ."
Annot., 136 A.L.R. at 1093
Compare Metcalf v. State, 98 Fla. 457, 124 So. 427 (1929), and Reg. v. Hilton, Bell C.C. 20, 169 Eng.Rep. 1150 (1858), with Snider v. State, 119 Tex.Cr.R. 635, 44 S.W.2d 997 (1931), and Reg. v. Perkins, 2 Den.C.C. 459, 169 Eng.Rep. 582 (1852).
Alabama follows the rule that:
"`. . . where one steals goods under such circumstances that the receiving thereof is a part of the theft itself, he cannot be convicted of receiving the stolen goods. Likewise, one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the *890 property, cannot properly be convicted of receiving stolen property . . ..'"
Scott v. State, Ala., 374 So.2d 316, 318 (1979), quoting with approval 76 C.J.S. Receiving Stolen Goods § 14(b); Stoudemire v. State, Ala.Cr.App., 365 So.2d 376 (1978); Mefford v. State, Ala.Cr.App., 363 So.2d 1050 (1978).
In Scott v. State, supra, the appellant participated in the theft of clothing from a department store. While appellant and two other young men used their bodies as a screen, another young man took clothing off a rack and concealed it in his pants. Subsequently, the merchandise was concealed in the appellant's car. The Alabama Supreme Court held that the appellant could not be found guilty of buying, receiving, etc., stolen property because he assisted the actual thief in the caption and asportation of the goods.
In Stoudemire v. State, supra, the appellant stood on a street corner apparently acting as a lookout while his companion used a wire coat hanger to gain access to a parked car. Appellant's companion removed two items from the car, and both men then left the scene. Appellant was thereafter charged in a two count indictment with grand larceny and buying, receiving, concealing, etc., stolen property. In holding that the buying, receiving, etc., count could not be sustained by the evidence, we stated at 379:
". . . While the evidence did not show that appellant, James Stoudemire, actually broke into Robert Brannon's car and took the money box and pistol, it did tend to show that he was present and ready to render aid and assistance. He is therefore equally guilty with the one who did the act. Goodman v. State, 52 Ala. App. 265, 291 So.2d 358."
Appellant's role under the facts of the present case was clearly that of an active participant in the caption and asportation of Lee James Jones' billfold.
". . . When the thief steals the goods and carries them to the defendant who continues the asportation, such continuation of asportation prevents the defendant from being a receiver of the goods. The nonliability of the thief and of such a principal . . . is based upon the desire to avoid inflicting a double penalty on the wrongdoer; or upon the philosophical consideration that the receiving of the property must be subsequent to the larceny and not part of it, or that a single act may not constitute both the larceny and the receiving." (Footnotes omitted.) 2 R. Anderson, Wharton's Criminal Law and Procedure, § 576 (1957).
Therefore, when appellant's counsel correctly raised, via his motion to exclude and motion for new trial, the issue of the insufficiency of the State's evidence to prove buying, receiving, concealing, etc., stolen property, the trial court should have granted his motions.
Since the State's evidence was legally insufficient to sustain the jury's verdict of guilty on authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and Nicholson v. State, supra, we must reverse and render this cause. However, this is not to say that the appellant cannot be indicted and tried for the larceny. Gallman, supra.
We therefore pretermit discussion of appellant's other allegations of error.
REVERSED AND RENDERED.
HARRIS, P. J., and TYSON and BOWEN, JJ., concur.
DeCARLO, J., dissents.
DeCARLO, Judge, dissenting.
The majority opinion reasons that Calvin White was "an active participant in the caption and asportation" of Jones' billfold. I do not agree.
The facts, according to the victim, show that the girl, "Toots," took the wallet from Jones and then "threw it to him [the appellant] he caught it and ran out the door." Further, the witness said that "she ran right behind him and I couldn't catch them."
*891 The testimony of the only eyewitness, Dave Harper, was that he saw the girl get the pocketbook and give it to the appellant, and that he "put it down in his bosom." Further, Harper testified that White then ran outside and stood in the yard. On cross-examination, Harper stated that the appellant remained in the yard until the police came. He acknowledged that, in his presence, Calvin White was searched and there was no wallet found on him. Harper explained, "He shoved it down there when he got it to tell the truth," meaning down the front of his pants.
The facts in the present case are clearly distinguishable from those in Scott v. State, supra, and Stoudemire v. State, supra. In Scott, the appellant was acting as a shield to prevent anyone from detecting his confederate taking clothing from the racks. In Stoudemire, the appellant acted as a lookout. Each of these illustrate active participation by the appellant.
Regina v. Hilton, supra, has been cited in the majority opinion. In that case we find the following:
"On the occasion in question Elizabeth Hilton was walking by the side of the prosecutrix and Joseph M'Evin was seen just previously following behind her. The prosecutrix felt a tug at her pocket, found her purse was gone, and on looking round saw Elizabeth Hilton behind her walking with Joseph M'Evin in the opposite direction, and saw her hand something to Joseph M'Evin.
"Pollock C. B. As to the second objection, the learned Recorder told the jury that if they did not think from the evidence that M'Evin was participating in the actual theft, it was open to them on the facts to find a verdict of guilty on the count for receiving. That direction substantially is that, if the jury should think the taking the purse was the common act of the two prisoners, they might convict M'Evin of stealing; but if they did not think that he was participating in the actual theft they might find him guilty of receiving. If the jury had found a common purpose, no doubt the stealing would have been the act of both; but they did not so find; and I think the direction of the learned Recorder was quite right."
In Whiting v. State, 48 Ohio St. 220, 27 N.E. 96, the Ohio Supreme Court also ruled that the jury should determine whether the evidence shows the appellant is guilty of larceny or of receiving stolen goods.
The applicable rule followed in Alabama and found in Scott v. State, supra, has been quoted in the majority opinion. According to this rule, in order for a conviction for larceny to be sustained in the present case, the jury would have had to find "such circumstances that the receiving thereof is a part of the theft itself." However, the jury apparently did not find "such circumstances" from the evidence presented and were justified in their conclusion. In Scott, supra, and Stoudemire, supra, there was evidence to show that the appellants and the actual thieves were engaged from the beginning in "a common purpose" to steal. However, in the present case, there was no evidence conclusively showing that a "common purpose" was shared by the appellant and the actual thief.
In our present case, the receiving of the wallet by White was after the larceny had been completed, i. e., after the wallet had been removed from Jones' pocket. There is no evidence to indicate that Calvin White participated in the caption and asportation. Only the girl, "Toots," perpetrated the acts of caption and asportation. True, White was there, but it was a question for the jury to determine whether he was an aider and abettor or the receiver of stolen goods. Regina Hilton, supra; Whiting v. State, supra.
In order to accept the reasoning of the majority it must be concluded that the jury would have assumed that White was an aider and abettor of the larceny of the wallet. However, it could be said that the jury had doubts as to White's participation as an aider and abettor, but believed he did feloniously receive the wallet.
The law in Alabama is clear that one who commits larceny cannot be adjudged guilty of receiving the thing stolen. However, *892 there is no reason "why a confederate of a thief may not be guilty of both receiving and concealing the property which the latter has stolen." Adams v. State, 60 Fla. 1, 53 So. 451; Metcalf v. State, supra.
In the present case, the larceny of the wallet from Jones had been completed when the wallet was removed from his pocket and was then asportated by being thrown to White. At that point, the larceny was ended, and the fact that White caught the wallet and ran from the house does not make the reception of the wallet a part of the larceny in fact.
For these reasons, I respectfully dissent.