ON REHEARING
The application for rehearing in this cause by the appellant is hereby granted and the order of this Court, issued May 27, 1980, affirming the trial court, without opinion, is hereby withdrawn and held for naught.
The one-count indictment charged Walter Fred Ogle with receiving stolen property, and the jury found the appellant guilty as charged and fixed the value of the stolen property at $2500.00. The trial court set sentence at ten years imprisonment.
Sonny Cook of Talladega, Alabama, stated that, on December 14, 1977, he was in the used car business. Cook indicated that one Harold Bentley left a 1973 two-door Chevrolet Monte Carlo with him for resale, the vehicle identification number being 1H57K3R458748. Cook stated that the appellant, whom he positively identified in open court, came in and asked to try out the automobile left by Bentley and drove it away without ever making a payment or returning to make arrangements to purchase the car in question. Cook reported the vehicle missing to the Talladega police.
On October 3, 1978, Birmingham Police Officer Michael Curry observed a 1973 black Chevrolet Monte Carlo driving in the wrong direction on a one-way street in downtown Birmingham. Curry indicated that the driver was the appellant and that he charged him with driving while intoxicated and had the vehicle towed to Kemp's Garage. He stated the vehicle bore an Alabama 1978 tag, No. AGL 328.
On cross-examination Curry indicated that he made an investigation as to this vehicle by its tag number and the VIN number shown on the dash, which was 1H57K3R441758, and the report came back negative as to the car being stolen.
Birmingham Police Sergeant James Copeland testified that he investigated a 1973 black Chevrolet Monte Carlo at Kemp's Garage under request from fellow Officer Michael Curry. Copeland discovered that the vehicle identification number on the dash did not correspond with the vehicle identification number on the engine, which he found to be 1H57K3R458748. Copeland then reported the new number found on the engine and discovered that this vehicle had been reported missing to the Talladega police by Sonny Cook on December 14, 1977. The automobile carried a 1978 tag, No. AGL 328.
On cross-examination Copeland stated that Janet Ogle, the appellant's wife, came to him with a purported bill of sale and tag receipt from Blount County, Alabama, for tag No. AGL 328, 1978, and asked for the car, stating that her husband requested that *Page 494 
she pick the car up for him. Copeland indicated to her that the vehicle was being held pending an investigation and declined to release same.
The appellant made a motion to exclude at the close of the State's testimony on the basis that the State failed to prove a prima facie case, which was overruled. The appellant did not take the stand, nor offer any testimony at trial.
 I
Appellant points out to this Court, on rehearing, that he cannot be convicted of receiving stolen property as a matter of law since he, in fact, stole the automobile in question. We agree.
Judge Bookout, writing for this Court in White v. State, Ala.Cr.App., 383 So.2d 888, 889 (1980), cert. denied, Ala.,383 So.2d 892 (1980), set forth the applicable law, as follows:
 "It is a well recognized rule of law that a person who actually steals property cannot be convicted of buying, receiving, concealing or aiding in the concealment of the property stolen. Annot., 136 A.L.R. 1087 (1942); Blackburn v. State, Ala.Cr.App., 372 So.2d 908 (1979); Nicholson v. State, Ala.Cr.App., 369 So.2d 304 (1979); Gallman v. State, 29 Ala. App. 264, 195 So. 768 (1940). The reason for the rule stems from the logical impossibility for the thief to receive stolen property from himself. Davidson v. State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala., 360 So.2d 731 (1978).
 "When the one accused of receiving the stolen property is not the actual thief, but merely a participant or accomplice to the theft, authorities differ on whether the accused may be convicted.
 "`. . . The crime of larceny and that of receiving stolen property being distinct and separate offenses, it becomes necessary for the courts to determine whether participation in the larceny by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving is, under the circumstances, so distinct as to constitute the separate offense defined by the statute as receiving. . . .' Annot., 136 A.L.R. at 1093.
 "Compare Metcalf v. State, 98 Fla. 457, 124 So. 427
(1929), and Reg. v. Hilton, Bell C.C. 20, 169 Eng.Rep. 1150 (1858), with Snider v. State, 119 Tex.Crim. 635, 44 S.W.2d 997 (1931), and Reg. v. Perkins, 2 Den.C.C. 459, 169 Eng.Rep. 582 (1852).
"Alabama follows the rule that:
 "`. . . [W]here one steals goods under such circumstances that the receiving thereof is a part of the theft itself, he cannot be convicted of receiving the stolen goods. Likewise, one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the property, cannot properly be convicted of receiving stolen property. . . .'
 "Scott v. State, Ala., 374 So.2d 316, 318 (1979), quoting with approval 76 C.J.S., Receiving Stolen Goods, § 14 (b); Stoudemire v. State, Ala.Cr.App., 365 So.2d 376 (1978); Mefford v. State, Ala.Cr.App., 363 So.2d 1050 (1978)."
Inasmuch as the one-count indictment in the instant case charged the appellant with receiving stolen property only, it is apparent that, under the evidence in this cause, he cannot be convicted of this offense since the evidence establishes that Ogle actually stole the automobile in question. Davidsonv. State, Ala.Cr.App., 360 So.2d 728, cert. denied,360 So.2d 731 (1978); and Nicholson v. State, Ala.Cr.App., 369 So.2d 304
(1979).
 II
As noted by Judge Bowen in Nicholson v. State, supra:
 ". . . Since the State produced no evidence of buying, receiving, or concealing stolen property and the appellant was entitled to a directed verdict of acquittal on that count of the indictment, he cannot be retried for such offense."
The judgment in this cause is reversed and rendered on authority of Nicholson, *Page 495 
supra, and Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978); and Jones v. State, Ala.Cr.App.,373 So.2d 1221, cert. denied, 373 So.2d 1225 (1979). This is not to say that the appellant cannot be indicted and tried for grand larceny. Gallman v. State, 29 Ala. App. 264, 195 So. 768 (1940).
APPLICATION FOR REHEARING GRANTED;
THE JUDGMENT OF CONVICTION IS REVERSED AND RENDERED.
All the Judges concur.