MOORE, Chief Justice
(dissenting).
T.R.W. was adjudicated a juvenile delinquent, based on a charge of sexual abuse in the first degree. The Court of Criminal Appeals, on February 23, 2001, affirmed, with an unpublished memorandum. T.R.W. v. State (No. CR-99-1874), — So.2d-(Ala.Crim.App.2001) (table). I dissent from the order denying T.R.W.’s petition for certiorari review, because I would like to determine, from the record, whether the trial court should have granted a continuance in the delinquency proceedings.
The original delinquency petition charging T.R.W. with sexual abuse alleged that the abuse had occurred between December 15, 1998, and January 15, 1999. The State intended to prove that T.R.W. sexually abused the young victim at a church in Etowah County, while their parents were attending church services. According to T.R.W.’s petition, the victim’s mother testified that the abuse had to have occurred at the church on a Wednesday night between December 15, 1998, and January 15, 1999, because that was the only time that the children were not supervised.
After the State had rested its case, T.R.W. presented substantial evidence indicating that he was not in Etowah County during the period alleged by the State. His mother, his stepfather, and his babysitter, all testified that T.R.W. had lived in Etowah County with his grandmother from November 1996 to November 10, 1998. T.R.W.’s mother testified that, after November 10, 1998, T.R.W. had gone back to the church only once and that he was never out of her presence during that visit.
After the defendant presented his alibi evidence, the State requested permission from the court to remove the dates stated in the petition, in order to broaden the time frame during which the abuse could have occurred. The prosecutor explained that the dates listed in the petition were merely “guestimates.” According to T.R.W.’s brief on appeal, the judge admitted that “[i]t may be ... [an] unfair burden to amend the charge.” However, the trial court granted the State’s motion, over T.R.W.’s strenuous objections. The Court of Criminal Appeals found no reversible error in the manner in which the petition was amended, and the majority of this Court has denied T.R.W.’s petition for cer-tiorari review.
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the-accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.”
U.S. Const, amend. VI. (Emphasis added.) Although juvenile proceedings are not technically criminal prosecutions, an adjudication of delinquency must be reversed when there is a material variance between allegations in the petition and the evidence adduced at trial. See Scott v. State, 374 So.2d 316 (Ala.1979). “[T]he allegations of *366 a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint for indictment.” Driskill v. State, 376 So.2d 678, 679 (Ala.1979). “A variance is not a material variance unless it misleads the accused or is substantially injurious to him in making his defense.” Phillips v. State, 446 So.2d 57, 62 (Ala.Crim.App.1983). “[Wjhere there exists a variance between the time of the crime as alleged in the indictment and the proof at trial, the defendant will not have a difficult time establishing surprise or prejudice to his defense.” Smith v. State, 551 So.2d 1161, 1169 (Ala.Crim.App.1989).
The dates on the petition substantially misled T.R.W. in making his defense against the charges of sexual abuse, and the amendment of the petition was prejudicial. While dates on a petition are not necessary, the State chose to put the dates on the petition, and it appears T.R.W. subsequently relied upon those dates in constructing his defense. It was only after T.R.W. had presented substantial alibi evidence that the State moved the court to change those dates, so that T.R.W.’s alibi evidence would be deficient. Such a change is inherently unfair and denies fundamental constitutional protections.
The Court of Criminal Appeals relies upon Rule 17, Ala.R.Juv.P., to justify the amendment. Rule 17 reads:
“A petition may be amended by order of the court at any time provided that if the amendment results in a substantial departure from the original allegations in the petition, the court shall continue the hearing on motion of any interested party, or the court may grant a continuance on its own motion.”
While T.R.W. did not request a continuance, he strongly objected to the amendment. The trial court, aware of the unfair burden this amendment placed on T.R.W., had the power to grant a continuance on its own motion, but it did not do so.
Under the Court of Criminal Appeals’ interpretation of Rule 17, it would be almost impossible for a defendant in a juvenile court to produce alibi evidence as a defense if the State at all times retains the option of changing the dates that it alleges in the petition. If Rule 17 can produce such an inherently prejudicial result — the changing of dates to nullify a valid alibi defense after the close of the defendant’s case- — -then I recommend that this Court’s Standing Committee on Rules of Juvenile Procedure review the rule and consider whether an amendment would be appropriate. A model for that committee to consider would be the criminal rule governing the amendment of indictments:
“A charge[1] may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.”
Rule 13.5(a), Ala.R.Crim.P.
I would grant this certiorari petition in order to review the record. Based on T.R.W.’s objections and arguments to the trial court, and based on the trial court’s statement concerning the unfairness of this amendment, I think the trial court’s failure to grant a continuance on its own motion may have been error. For these reasons, I dissent from the order denying T.R.W.’s petition for certiorari review.

1. " 'Charge' means a complaint, indictment, or information.” Rule 1.4(b), Ala.R.Crim.P.